IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RANDALL W. DREW,

    Plaintiff,

v.                                              CASE NO. 1:12-CV-9-MP-GRJ

ROBERT J. RIVERA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are: (1) Defendant, Citibank, N.A.'s Motion to Dismiss Complaint (Doc. 7); (2) Defendant Patrick Carey's Motion to Dismiss. (Doc. 10); and (3) Defendant, Robert J. Rivera's Motion to Dismiss Complaint. (Doc. 17.)  Plaintiff has filed responses (Docs. 13, 14[1] & 16)) and, therefore, the motions are ripe for review. For the reasons discussed below, Defendants' motions are due to be granted because Plaintiff has failed sufficiently to state a claim upon which may be granted. However, as to Defendants Carey and Rivera Plaintiff should be granted leave to file an amended complaint.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, brings claims for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and violation of the Florida

---

[1] Curiously, Plaintiff's Response to Robert J. Rivera's Motion to Dismiss was filed on April 6, 2012, but Robert Rivera's Motion to Dismiss (Doc. 17) was not filed until June 11, 2012. The Court assumes the motion to dismiss was served but not filed timely.

*Page 2 of 12*

Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq*. against Citibank, South Dakota, N.A. ("Citibank"), the credit card company to whom Plaintiff allegedly owed a debt, and against Patrick Carey("Carey") and Roberto Rivera ("Rivera"), the attorneys who represented Citibank in a state court action to collect the indebtedness owed by Plaintiff to Citibank on his credit card.  In September 2010, Citibank filed suit against Plaintiff in Florida state court to recover the debt owed on Plaintiff's credit card. The state court granted summary judgment in favor of Citibank for $6,838.48, the full amount owed on the credit card with costs. (Doc. 10, Ex. B).[2]

According to Plaintiff, Carey and Rivera, who represented Citibank in the state court action, are debt collectors under 15 U.S.C. § 1692a(6). Without providing any detail Plaintiff alleges that Defendants violated the FDCPA and FCCPA by, among other things, falsely representing the character of a debt, continuing collection activity after failing to validate a disputed debt, and disclosing information about a debt known to be reasonably disputed.

Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions to dismiss filed by Defendants Carey and Rivera are identical. Each argues that (1) Plaintiff failed to plead sufficient facts to state a claim for relief, (2) Plaintiff's complaint is barred by the doctrine of res judicata because the claims previously were adjudicated in the state

---

[2] At the request of Defendant, the Court takes judicial notice of the state court's judgment pursuant to Rule 201 of the Federal Rules of Evidence because it is a mater of public record and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.").

*Case No. 1:12-CV-9-MP-GRJ*

court action, and (3) the Court lacks subject matter jurisdiction to hear the case under the *Rooker-Feldman* doctrine. (Docs. 10 &17.) Defendant Citibank also argues that as a matter of law it cannot be sued under the FDCPA because it was not a debt collector but rather was the creditor.

## II. STANDARD OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff, consider the factual allegations in the complaint to be true, and accept all reasonable inferences therefrom. *See, e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).

The Court, however, is not bound to accept the truth of a complaint's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even though a complaint does not need to contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Factual allegations must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

As recognized by the Eleventh Circuit, the allegations in a *pro se* litigant's complaint are held to less stringent standards than pleadings drafted by an attorney. *Wright v. Newsome*, 795 F.2d 964 (11th Cir. 1986) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, the pleadings of *pro se* litigants "must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted) (applying pleading standards of *Iqbal* and *Twombly* to a *pro se* complaint).

### III. **DISCUSSION**

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff's allegations are vague and conclusory. The Court agrees. Rule 8 of the Federal Rules of Civil Procedure requires Plaintiff to provide Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Factual allegations are largely absent from Plaintiff's complaint. The few facts that Plaintiff does plead are insufficient to plausibly state a claim, and insufficient to give Defendant notice of the claim and the grounds upon which it rests.

For example, Plaintiff's allegation that Defendant violated the FDCPA by "falsely representing the character, amount, or legal status of any debt" merely recites the language of 15 U.S.C. § 1692e(2)(A) without citing any facts as to how Defendant violated the statute. Both sections of Plaintiff's complaint that allege violations of the

FDCPA and the FCCPA follow this threadbare format. Accordingly, Plaintiff's complaint is not well-pled and must be dismissed.

Defendant also raises res judicata as an alternative ground for the dismissal of Plaintiff's complaint because it would bar Plaintiff's claim in its entirety. Essentially, Defendant asserts that Plaintiff's claims for unfair debt collection practices and claims that challenge the enforceability of the underlying debt are precluded because they were previously adjudicated in the state court action. When a federal court is "asked to give res judicata effect to a state court judgement, [it] must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985)). Under the doctrine of res judicata, "an earlier lawsuit precludes a later lawsuit if (1) the two suits involve the same parties; (2) the first suit was resolved by a court of competent jurisdiction; (3) the first suit ended with a judgment on the merits; and (4) the two suits are based upon the same causes of action." *Ebeh v. St. Paul Travelers*, 459 F. App'x 860, 861-62 (11th Cir. 2012) (citing *Fla. Dep't of Transp. v. Juliano*, 801 So.2d 101, 105 (Fla. 2001)).

Generally, however, dismissal of a complaint on the basis of res judicata is appropriate only if the defense appears on the face of the complaint. *Phelps v. United States*, No. 1:08CV17-SPM/AK, 2008 WL 2566828, at *1 (N.D. Fla. June 25, 2008) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)).

The cornerstone of Defendants' res judicata argument is focused upon the issues which were litigated in the state court action. While the Court may take judicial notice of the outcome of that case, the only issue which appears on the face of the state court judgment is that a judgment was entered in favor of Citibank and against Plaintiff regarding the credit card debt the Plaintiff owed. Defendants Rivera and Carey were not parties in that case but rather served as counsel for Citibank.   More importantly, the Court cannot determine from Plaintiff's complaint or from the state court's judgment whether Plaintiff raised claims for unfair debt collection practices in the state case and whether such claims were adjudicated. Therefore, Defendants' motion to dismiss on the grounds that this action is barred by the doctrine of res judicata is not well taken. At a minimum the Court cannot resolve this issue on a motion to dismiss even if the Court takes judicial notice of the final judgment Defendants have attached to their motion.

Defendants also argue that Plaintiff's claims are barred pursuant to the *Rooker-Feldman* doctrine because Plaintiff is attempting to overturn the state court's judgment. The *Rooker-Feldman* doctrine, however, does not apply in this situation. The *Rooker-Feldman* doctrine deprives federal district courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *accord Brown v. R.J. Reynolds Tobacco Co.*, 611

F.3d 1324, 1330 (11th Cir. 2010). In other words, the losing party in state court cannot seek appellate review of the state judgment in a United States district court on the basis that the state judgment violates the losing party's federal rights. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

The *Rooker-Feldman* doctrine is not applicable here for the simple reason that Plaintiff is not asking the Court to review or vacate the state court's judgment. Rather, Plaintiff seeks damages from Defendants, as a debt collectors, for violations of the FDCPA and FCCPA. The fact that a state court judgment was entered recognizing the credit card debt is not mutually exclusive to claims that a debt collector violated the FDCPA in seeking to collect on the indebtedness or violated the FDCPA in attempting to collect on the state court judgment that was entered. Thus, the Court would not be overturning the state court's judgment, which concluded that the debt was enforceable, if it were to find Defendant liable for unfair debt collection practices. Accordingly, the *Rooker-Feldman* doctrine does not deprive this Court of subject matter jurisdiction over this case.

Defendant briefly raises two additional grounds for dismissal that cannot be resolved by reference to the face of Plaintiff's complaint. Defendant's claim of litigation immunity under Florida law requires that the act for which immunity is claimed has some relation to the judicial proceeding. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380 (Fla. 2007). There is nothing to suggest in the complaint that any alleged violations of the FDCPA or FCCPA were related to the state

court action, rather than separate debt collection activity. Secondly, Defendant's statute of limitations defense also fails because it is not apparent from the face of the complaint that the alleged violations of the FDCPA occurred more than one year prior to Plaintiff's filing of this case, the requirement set forth in the FDCPA. *See* 15 U.S.C. § 1692k(d).

Lastly, Citibank raises one issue applicable only to it. Citibank argues that as a creditor seeking to collect its own debt it is not a debt collector and therefore not subject to FDCPA claims. Citibank is correct. It is well settled that the provisions of the FDCPA do not regulate creditors' activities but only the activities of debt collectors. *See, e.g. Schmitt v FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005); *Pollice v National Tax Funding, L.P.*, 225 F.3d 379, 403 (3rd Cir. 2000). Numerous other courts have concluded in cases similar to this case that Citibank, as a creditor, is not subject to FDCPA claims. *See, e.g. Doherty v Citibank (South Dakota), N.A.,* 375 F.Supp.2d 158, 162 (E.D.N.Y. 2005); *Kloth v Citibank (South Dakota), N.A.,* 33 F.Supp. 2d 115, 119 (D. Conn. 1998); *Meads v Ciitcorp Credit Services, Inc.,* 686 F.Supp. 330, 333-334 (S.D. Ga. 1988); *Dahlhammer v. Ciitbank (South Dakota), N.A.,* No. 05–cv-1749, 2006 WL 3484352 (M.D. Pa. Nov. 30, 2006).

Apparently recognizing that Citibank as a creditor is not subject to the FDCPA, Plaintiff argues that Citibank is subject to the FDCPA under the false name exception. The false name exception, set out in 15 U.S.C. § 1692a(6) of the FDCPA, provides in relevant part that:

> [T]he term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

Generally, the false name exception applies when a creditor uses a name that implies that a third party is involved in collecting its debts, "pretends to be someone else" or "uses a pseudonym or alias." *Mazzei v The Money Store*, 349 F.Supp. 2d 651, 658 (S.D.N.Y. 2004(*quoting Maguire v Citicorp Retail Services, Inc.*, 147 F.3d 232, 236 (2d Cir. 1998)). "The 'false name exception' is triggered if the 'least sophisticated consumer would have the false impression that a third party was collecting the debt.'" *Williams v Citibank, N.A.,* 565 F.Supp.2d 523, 529 (S.D.N.Y. 2008). Where, however, an affiliate of the creditor seeks to collect the debt the false name exception does not apply because the creditor is not collecting a debt under an assumed name but rather, a separate entity is collecting the debt, which itself is excluded in the definition of debt collector under 15 U.S.C. § 1692a(6)(B).[3] *See, Meads*, 686 F.Supp. at 333-34.

The fundamental problem with Plaintiff's argument that the false name exception applies is that Plaintiff has not alleged in the Complaint that Citibank used a pseudonym or alias or used a name that implies a third party was involved in collecting the debt. To the contrary, Plaintiff alleged that Citibank (South Dakota), N.A. was a creditor and that Citibank – and not some other entity using another name other than Citibank – violated the FDCPA. The only passing suggestion that Citibank used another name to collect

---

[3] 15 U.S.C. § 1692a(6)(B) provides in relevant part that the term debt collector does not include: (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for person to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

*Case No. 1:12-CV-9-MP-GRJ*

the debt is Plaintiff's unplead and undocumented suggestion in his response that "they [Citibank} used such in their collection process, has names (such as Citibusiness) on such without even having the name "Citibank (South Dakota) N.A." on such." Doc. 16, p. 9.  In short, Plaintiff never plead any facts that would remotely support the theory that Citibank was liable under the false names exception. Even assuming Plaintiff had plead in the Complaint that Citibank did not use the name Citibank (South Dakota) N.A. in every communication but instead communicated to Plaintiff in correspondence that used the name "Citibusiness" that would be insufficient as a matter of law to give rise to the false name exception because Plaintiff could not allege that the use of the name 'Citibusiness" could possibly cause the least sophisticated consumer to have the false impression that a third party was collecting the debt. *See, Button v GTE Service Corp.,* No. 1:96-cv-383,1996 WL 943904 *2 &3 (W.D. Mich. Oct. 15, 1996)("[I]t is not the mere use of an other name that would subject it [the creditor] to the asserted statutory requirement [the false name exception], but the use of an other name in such a way as to mislead plaintiff concerning the identity of the party attempting to collect the debt."); *Williams v Citibank,* 565 F.Supp.2d at 529-31. Accordingly, Plaintiff's argument that the false name exception entitles him to proceed against Citibank is without merit and does not save his complaint from dismissal.

      Because the Complaint is subject to dismissal as to Citibank, pursuant to 28 U.S.C. § 1367(c) the court may decline to exercise supplemental jurisdiction over Plaintiff's state law claim under the Florida Consumer Collection Practices Act

("FCCPA") because the Court has dismissed Plaintiff's FDCPA claim, the only claim over which the Court would have original jurisdiction.

In sum, although Plaintiff is a *pro se* litigant and the Court must liberally construe his pleadings, Plaintiff has failed to plead sufficiently a claim against Defendants Rivera and Carey for violation of the FDCPA. The Complaint therefore is due to be dismissed against Defendants Rivera and Carey but because the deficiencies are pleading deficiencies Plaintiff should be given an opportunity to amend his complaint. However, as to Citibank because Citibank is a creditor and not subject to the FDCPA the defect in the complaint is not curable and therefore the Complaint should be dismissed against Citibank with prejudice and without leave to amend. Further, because the only claim against Citibank in which the Court would have original jurisdiction is the claim under the FDCPA the Court pursuant to 28 U.S.C. § 1367 should decline to exercise supplemental jurisdiction over Plaintiff's claims against Citibank under the FCCPA.

## IV. CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendant, Patrick Carey's Motion to Dismiss Complaint (Doc. 10) and Defendant Robert Rivera's Motion to Dismiss Complaint (Doc. 17) should be **GRANTED**. Plaintiff's Complaint should be **DISMISSED** with leave to amend as to Defendants Rivera and Carey.

2. Defendant, Citibank, N.A.'s Motion to Dismiss Complaint (Doc. 7) should be **GRANTED** and Plaintiff's Complaint as to Defendant Citibank should be **DISMISSED with prejudice**.

**IN CHAMBERS** in Gainesville, Florida, this 6th day of August, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.